(C. D. 1285)

S. S. KRESGE CO. (CORP.) *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 28, 1950)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Arthur R. Martoccia* and *Harold L. Grossman*, special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest, arising at the port of New York, against the collector's assessment of 10 per centum additional duty under section 304 of the Tariff Act of 1930, as amended, on certain wooden salad sets, each set composed of one wooden fork and one wooden spoon, contained in 14 out of the 15 cases covered by the entry herein.

Section 304 of the Tariff Act of 1930, as amended, provides:

(a) MARKING OF ARTICLES.—Except as hereinafter provided, every article o foreign origin (or its container, as provided in subsection (b) hereof) imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article. * * *

At the trial, William A. O'Brien, department foreman of S. S. Kresge Co., employed in the Brooklyn warehouse, testified that when the instant merchandise was received at the warehouse, he examined it and removed a sample from the cases; that the sample represented the condition of the merchandise in each of the 14 cases; that he took the sample out of the shipment himself; that the merchandise was marked souvenir of various cities; that each piece would be sent to a store in the city designated thereon; that the sample was in the same condition as when he removed it from the case, except for the pencil notation of the entry number.

The sample was received in evidence as plaintiff's collective exhibit 1. It consists of a wooden salad fork and spoon. On the face of the handles are a leaf design in gold and the words "SOUVENIR OF MILWAUKEE WIS." in gold letters ⅛ of an inch high. The design and the wording together are about ⅜ of an inch in height and 2³⁄₁₆ inches in length. At the end of the spoon handle are the words "MADE IN FRANCE" die-sunk in letters ¹⁄₁₆ of an inch high. The same wording is die-sunk on the back of the fork handle.

The official papers disclose that the merchandise was held not legally marked for the following reason:

Mdse. marked with principal cities should be stamped or etched with same sized letters made in France in close proximity.

Plaintiff claims that the requirements of section 304 of the Tariff Act of 1930, as amended, have been met, in that the marking was on a conspicuous place on the articles; that it was legible, indelible, and permanent; and that it indicates to the ultimate purchaser the name of the country of origin of the article.

The purpose of section 304 is to enable the purchaser of an article to know by an inspection of the marking the country of which it is the product. The marking must be a clear, plain, and unambiguous indication of the country of origin. *United States* v. *Friedlaender & Co., Inc.*, 27 C. C. P. A. 297, C. A. D. 104; *American Burtonizing Co.* v. *United States*, 13 Ct. Cust. Appls. 652, T. D. 41489.

In administering this section, the following rulings, pertinent hereto, have been issued:

1. That all souvenir articles which have the name of American cities or localities thereon should be marked in a plain and conspicuous manner in a conspicuous place with the wording "Made in" preceding the name of the country of origin, such marking to be in a fair-sized type. T. D. 45139 (4).

2. That handbags marked on the outside in gold letters with the name of the importer and the words "Chicago-Paris," while the words "Made in Germany" were blind-marked (that is, stamped without inking or other coloring matter) in immediate proximity to the above

wording, held not marked in a legible and conspicuous manner to indicate the country of origin. T. D. 45139 (1).

The following rulings have been issued in connection with section 27 of the trade-mark act of February 20, 1905 (15 U. S. C. § 106, now 15 U. S. C. § 1124), which prohibits the entry of any article which bears a name or mark calculated to induce the public into believing that it is manufactured in the United States:

1. Mechanical pencils stamped with the name and city of an American dealer, with only a "blind stamp" to show the country of origin, held prohibited entry. T. D. 40469.

2. Wooden souvenir salad sets marked on the face of the handles with the words "From California," "From Florida," etc., must also have stamped on the face the words "Made in" followed by the name of the country of origin in a legible and conspicuous manner. T. D. 44671 (32).

3. Kegs of nails marked on the heads with the name of the importer and an American city or State must bear the mark of origin preceded by the words "Made in" in close proximity thereto in letters as conspicuous and as easily observed as those in the name of the domestic city. T. D. 45913 (5).

4. Files and rasps marked on the edge in very small and indistinct type to indicate the country of origin, with the name of the importer followed by the abbreviation "Phila" appearing on the flat side in large and conspicuous letters, held prohibited entry. T. D. 44370 (3).

5. Articles marked with the name or abbreviation of an American city must also be marked in immediate proximity thereto "Made in" followed by the name of the country of origin in letters as large and as conspicuous as those used in the name of the domestic city. T. D. 44370 (13).

In the instant case the words "MADE IN FRANCE" are in much smaller letters than the words "SOUVENIR OF MILWAUKEE WIS." and are blind-stamped rather than in gold letters. On the spoon, both legends are on the same side of the handle, but one runs horizontally across the handle and the other runs vertically. On the fork, the legend "MADE IN FRANCE" is stamped on the back of the handle, while the words "SOUVENIR OF MILWAUKEE WIS." are on the front. Because of the fact that the words "SOUVENIR OF MILWAUKEE WIS." are more conspicuous, the purchaser would be unlikely to notice the words "MADE IN FRANCE" and would be led to believe the articles were of American manufacture. Moreover, the legend "MADE IN FRANCE" is blind-stamped in such small letters that a person of average eyesight would have difficulty in deciphering this marking at all.

We hold, therefore, that the marking is not a clear, plain, and unambiguous indication of the country of origin, is not as legible as the nature of the article will permit, and does not comply with the intent

and purpose of the provisions of section 304 of the Tariff Act of 1930, as amended. The protest is overruled and judgment will be rendered for the defendant.